1837.

Melick
v.
Drake.

MELICK *vs.* DRAKE and others.

Where the complainant's bill prays relief as well as discovery, the injunction master must direct the insertion of a provision, in an injunction allowed by him to stay proceedings at law, authorizing the plaintiff to proceed to trial and judgment notwithstanding such injunction, except where the only relief asked for by the complainant is such relief as will be necessary to aid the complainant in his defence to the suit in the court of law.

An injunction allowed by the vice chancellor before whom the bill is filed, the order for which is entered on his fiat with the clerk, will be presumed to have been allowed by him in his character of judge of the court, if the injunction would have been irregular if allowed by him in the character of an injunction master merely.

Where an injunction is allowed by the vice chancellor before whom the cause is pending, the certificate or fiat for the entry of an order for the issuing of the injunction should be drawn in such a manner as to enable the clerk to ascertain whether the order was to be entered as a special order made by the court, or as an order made upon the certificate of the vice chancellor in the character of injunction master.

April 18.    THIS was an appeal from an order of the vice chancellor of the first circuit, refusing to set aside an injunction for irregularity.    The object of the bill was to restrain the defendants from proceeding in a suit at law commenced in the name of Drake upon a note obtained by the complainant by fraud and false pretences; and to have the note delivered up and cancelled.    The bill also contained an allegation that the complainant was unable to prove the facts charged in the bill except by the oath of the defendants; and that a discovery was necessary to aid the defence in the suit at law.    The suit was commenced before the vice chancellor, and the injunction was allowed by him without inserting a clause therein permitting the defendants to proceed to trial and judgment at law in conformity to the 33d rule of the court.    But whether the injunction was allowed by the vice chancellor in his character of injunction master, or as the judge of the court before whom the suit was commenced, did not distinctly appear.

*W. Silliman,* for the appellant.

*H. S. Mackay,* for the respondent.

THE CHANCELLOR. This is clearly a case in which an injunction master, or a vice chancellor acting in the character of injunction master, would not be authorized to give a certificate that an injunction ought to issue to stay the suit at law, without directing a provision to be inserted in the injunction that the defendant should be permitted to proceed to trial and judgment according to the provisions of the 33d rule. But it is such a case as is contemplated by the last clause of that rule, in which the court itself may, in its discretion, grant a general injunction to stay the trial. To authorize an injunction master to grant an injunction to stay the trial of a suit, or other proceedings therein, when no issue has yet been joined so as to entitle the defendants to security under the statute, the complainant's bill must be either a simple bill of discovery without any prayer for relief, or the only relief prayed for must be such as is merely intended to aid him in his defence on the trial in the suit at law; such as the production of books or papers that are essential to the defence in the suit at law, and which the court where such suit is pending may not have the power to compel the production of under the provisions of the revised statutes authorizing the supreme court to compel the production of books and papers in certain cases. In all other cases, where a general stay of proceedings in a suit at law before issue joined therein is necessary or proper, which cases will very seldom occur, the application must be made directly to the chancellor, or to the vice chancellor before whom the bill is filed in his character of judge having jurisdiction of the proceedings in that particular suit. And as the court of chancery is always open, the application for an order of the court for such general injunction may be made to him ex parte, and at any place within his jurisdiction, as well as at a general or special term, if the defendant has not entered his appearance so as to be entitled to notice of the application. In such cases, however, the order for the allowance of the general injunction is not founded upon the certificate of the vice chancellor that an injunction ought to issue according to the prayer of the bill, which the clerk may disregard if it is irregular; but upon his absolute fiat for the en-

1837.

Melick
v.
Drake.

1837.

Melick
v.
Drake.

try of the order, which fiat the clerk is bound to obey. To prevent any misapprehension as to the character in which the vice chancellor before whom the bill is filed is acting, upon the allowance of an injunction, the form of his certificate when acting in the character of injunction master should be different from his fiat for the entry of an absolute order when made by him in the character of judge having jurisdiction of the cause. In the one case it should be a certificate that an injunction ought to issue according to the prayer of the bill, with a provision therein that the defendant be at liberty to proceed to judgment in his suit at law, without prejudice to the equitable rights of the complainant. In the other it should be a fiat for the entry of an order for a general injunction, or for an injunction with such restrictions and limitations as the court thinks proper to direct to be inserted in such order.

In this case I think, from the fiat of the vice chancellor endorsed upon the bill, that he considered himself as acting in his character of judge, having jurisdiction of the cause, and with power to exercise his discretion as to the extent of the injunction, and not as acting in the character of an injunction master merely. He recites the fact that it appears to him that a discovery is necessary to aid the defence in the suit at law, and then concludes with a fiat for an injunction to restrain all proceedings in the suit at law. And as he had jurisdiction and authority to make such an order in the present case, according to the course and practice of the court, it was the duty of the clerk to enter the order and issue the injunction accordingly. The injunction was therefore regular, and the order appealed from was correct and must be affirmed with costs.